**\*\*AMENDED CLD-151**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1473
_____

IN RE:  NORMAN SHELTON,
                                                    Petitioner

_____

On a Petition for Writ of Prohibition from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 12-cv-00422)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 14, 2013

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: April 23, 2013)
_____

OPINION
_____

PER CURIAM

Norman Shelton, proceeding pro se and in forma pauperis, petitions for a writ of

prohibition compelling the United States District Court for the Middle District of

Pennsylvania to rule on his motions for default judgment filed on November 19, 2012,

November 21, 2012, and December 5, 2012.[1]  We will deny the petition.

---

[1] Although Shelton requests a writ of prohibition, his relief would be more accurately
classified as a writ of mandamus, because he asks us to mandate District Court action.
Nevertheless, the form of his request does not affect the relief requested.  In re Sch.

Shelton is a federal prisoner incarcerated in the Special Management Unit of the Penitentiary in Lewisburg, Pennsylvania. In March 2012, he brought a pro se Bivens action against several prison employees, alleging claims of excessive force, falsifying incident reports, interference with the courts, and destruction of property, among other similar claims. See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Since he filed his complaint, Shelton has filed many motions for various forms of relief. In particular, he sought a default judgment against the Defendants several times, for failing to timely respond to his complaint under Fed. R. Civ. P. 12(a)(2-3). The Defendants responded to two of the three motions referenced in the petition, and they are all now ripe for disposition. The Defendants have also moved for dismissal, or in the alternative, for summary judgment.[2] That motion is now ripe for disposition as well.

The writ of mandamus or prohibition is an extraordinary remedy, used to "compel [another court] to exercise its authority when it is its duty to do so." Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976). A petitioner seeking the writ "must have no other adequate means to obtain the desired relief, and must show that the right to issuance is

---

Asbestos Litig., 921 F.2d 1310, 1313 (3d Cir. 1990) (noting the historical distinction between writs of mandamus and prohibition, but concluding that the "form [of request] is less important 'than the substantive question of whether an extraordinary remedy is available.'").

[2] Prior to filing the motion to dismiss/summary judgment, the Defendants filed a motion for an extension of time to file an answer. It does not appear that the District Court ever ruled on that motion either.

clear and indisputable." Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996), superseded on other grounds by 3d Cir. L.A.R. 24.1(c) (1997). Generally, a court's management of its docket is discretionary. In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Therefore, there is no "clear and indisputable" right to have the District Court handle a case in a certain manner. See Allied Chem. Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980). However, mandamus may be warranted where a district court's delay "is tantamount to a failure to exercise jurisdiction." Madden, 102 F.3d at 79.

In this case, even though the District Court has not made a ruling for more than seven and a half months, the most recent motions—including the motions for which Shelton is seeking mandamus relief—have been ripe for disposition for less than four months. Shelton's most recent motion and the Defendants' dismissal request have been ripe for a little over one month. This period of time does not rise to the level of undue delay and does not warrant our intervention. See id. We express our confidence that the District Court's docket management practices will not unduly defer disposition of any pending motions. Appellees' motion to revoke Shelton's in forma pauperis (IFP) status is denied. See Madden v. Myers, 102 F.3d 74, 78 (3d Cir. 1996) (holding that true mandamus petitions are not subject to the Prison Litigation Reform Act, including its three strikes requirement).